NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3240

DANIEL ALLEN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Daniel Allen, of Canon City, Colorado, pro se.

Carrie A. Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Petition for review of an Arbitrator's Decision

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3240

DANIEL ALLEN,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Petition for review of an arbitration decision in
FMCS No. 08-55230 by Marvin L. Schurke.

_____

DECIDED:  January 8, 2010

_____

Before RADER, GAJARSA, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Daniel Allen appeals an arbitrator's decision sustaining the Department of Justice's ("the Agency's") action removing Mr. Allen from his position as a correctional officer at the Federal Bureau of Prisons ("BOP") in Florence, Colorado.  <u>Dep't of Justice v. Am. Fed'n of Gov't Employees, Local 1302</u>, FMCS No. 08-55230 (2009) (Schurke, Arb.).  For the reasons stated below, we <u>affirm</u>.

BACKGROUND

Beginning on August 6, 1995, Mr. Allen was employed with the BOP as a Senior Officer Specialist at the Federal Correctional Complex in Florence, Colorado. On June 24, 2007, Mr. Allen was arrested for driving his car while intoxicated and for injuring his thirteen year old son during an altercation in the car. The Colorado State District Attorney charged Mr. Allen with nineteen counts. Count four of the complaint alleged that Mr. Allen unlawfully, knowingly, or recklessly caused bodily injury to his son. He pled guilty to two misdemeanor violations, namely (1) third degree assault and (2) driving while ability impaired. See Colo. Rev. Stat. Ann. §§ 18-3-204 & 42-4-1301(1)(b) (2009). Mr. Allen was sentenced on both counts for which he pleaded guilty.

He subsequently reported his sentencing to Warden Ron Wiley. Mr. Allen also provided an affidavit regarding his arrest and conviction to the Special Investigative Lieutenant who investigated his possible misconduct. In the affidavit, he denied striking or kicking his son but stated that "[he] reached into the car and pulled [his son] out by his arm" and that "[his son] started to struggle from [him] and all [he] did was attempt to keep him from running away." On September 15, 2008, Mr. Allen was removed from his position based upon the following three charges: (1) "Failure to Maintain Qualifications of Your Position to Possess a Firearm"; (2) "Off-Duty Misconduct"; and (3) "Absent Without Leave."

Pursuant to 5 U.S.C. § 7121 and Articles 32 of the Master Agreement between the BOP and the Council of Prison Locals, American Federation of Government Employees 1302, Mr. Allen challenged his removal. Following a hearing, the arbitrator concluded that BOP did not prove its charges of off-duty misconduct and absence

without leave, but that it did prove the charge of failure to maintain the required qualification of his position to possess a firearm. The arbitrator found that Mr. Allen's conviction of assault in the third degree is "a misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(9), which makes it unlawful for any person who has been convicted of a misdemeanor of domestic violence to possess a firearm.[1] Accordingly, the arbitrator sustained the Agency's action to remove Mr. Allen.

Mr. Allen timely appealed the arbitrator's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In an appeal from an arbitrator's decision, we apply the same standard of review as in the case of an appeal from a final decision of the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (2006). Accordingly, a decision of the arbitrator must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. Allen argues that the arbitrator erred as a matter of law in upholding his removal by finding that he had been convicted of "a misdemeanor crime of domestic violence" within the meaning of 18 U.S.C. § 921(a)(33). We disagree. A "misdemeanor crime of domestic violence" is defined in § 921(a)(33) as "an offense that

---

[1]    18 U.S.C. § 922(g)(9) states that "it shall be unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

. . . (i) is a misdemeanor under Federal or State law; and (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian . . . ." 18 U.S.C. § 921(a)(33). In addition, the Colorado statute under which Mr. Allen was convicted states: "A person commits the crime of assault in the third degree if . . . [t]he person knowingly or recklessly causes bodily injury to another person or with criminal negligence the person causes bodily injury to another person by means of a deadly weapon." Colo. Rev. Stat. Ann. § 18-3-204(1)(a) (2009).

In United States v. Hayes, the Supreme Court held that "§ 921(a)(33)(A) defines misdemeanor crime of domestic violence as a misdemeanor offense that (1) has, as an element, the use of force, and (2) is committed by a person who has a specified domestic relationship with the victim." Id. (quotation marks and brackets omitted). Here, it is undisputed that Mr. Allen's son was involved in the altercation, which is sufficient to satisfy the "specified domestic relationship with the victim" requirement of the statute. Therefore, the only remaining question is whether Colorado's third degree assault statute includes as an element "the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A)(ii).

Mr. Allen argues that Colorado's third degree assault statute does not require "the use or attempted use of physical force" as an element, and therefore he was not convicted of a "misdemeanor crime of domestic violence" to justify his removal by the Agency. Mr. Allen relies heavily on United States v. Perez-Vargas, 414 F.3d 1282 (10th Cir. 2005). In Perez-Vargas, the Tenth Circuit addressed whether a conviction under Colorado's third degree assault statute constituted a "crime of violence" under the

Federal Sentencing Guidelines. Id. at 1283-84. The Federal Sentencing Guidelines define a "crime of violence" as one that includes, as an element, "the use, attempted use, or threatened use of physical force." Id. at 1286 n.3. The Court found that Colorado's third degree assault statute was broad and included conduct that did not involve the use, attempted use, or threatened use of physical force. Id. The Tenth Circuit explained, however, that where the statute is broad enough to encompass both violent and non-violence crimes, a court is permitted to look "beyond the statute" to the prior court records, including "charging documents, the judgment, any plea thereto, and finding by the [sentencing] court." Id. at 1284 (alteration in original). Likewise, the Supreme Court held that, for the purpose of conviction, a court may consider prior court documents, including "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between the judge and the defendant . . . , or to some comparable judicial record of this information" where an element of the offense is not obvious from the statute's language. Shepard v. United States, 544 U.S. 13, 24 (2005).

In this case, the Colorado third degree assault statute is broad enough to encompass crimes involving the use of force and crimes involving no use of force. Accordingly, we will look beyond the plain language of the statute to determine whether the use of force was an element of Mr. Allen's conviction. The arbitrator found that Mr. Allen pled guilty to count four of the complaint alleging that he "unlawfully, knowingly, or recklessly caused bodily injury" to his son. The arbitrator also found that Mr. Allen admitted that "he sought to 'pull' his son out of a car and that he sought to 'hold' his son to prevent escape, both of which connote the use and/or threatened use

of physical force." This evidence is sufficient to show that Mr. Allen was convicted of an offense involving the use of force. Accordingly, the arbitrator's decision finding that Mr. Allen had been convicted of "a misdemeanor crime of domestic violence" as defined by § 921(a)(33) is supported by substantial evidence and there was no legal error.

## CONCLUSION

For the foregoing reasons, the final decision of the arbitrator sustaining the Agency's decision to remove Mr. Allen is affirmed.

No costs.